## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dave Thomas,<br><br>             Plaintiff,<br><br>v.<br><br>United States Steel Corporation;<br>United Steel, Paper and Forestry,<br>Rubber, Manufacturing, Energy,<br>Allied Industrial and Service<br>Workers International Union;<br>United Steelworkers Local 1938;<br>and John Malek,<br><br>             Defendants. | Case No. 0:11-cv-00839-DWF-LIB |

## DEFENDANT UNITED STATES STEEL CORPORATION'S ASNWER TO SECOND AMENDED COMPLAINT

AND NOW, comes the Defendant, United States Steel Corporation ("U. S. Steel") by and through its undersigned counsel, and files the within Answer to Second Amended Complaint and in support thereof states as follows:

### PRELIMINARY STATEMENT

1.      This is a civil action for damages brought pursuant to the Labor Management Reporting and Disclosure Act (LMRDA) 29 U.S.C. § 401 et seq., Labor Management Relations Act (LMRA) 29 U.S.C. § 185, the Minnesota Whistle blower Act Minn. Stat. § 181.932, Subd. 1 et seq, and common law claims of Defamation, Tortious Interference with Contract and Conspiracy.

**ANSWER: Paragraph 1 is a preliminary statement to which no response is required. To the extent a response is deemed necessary, it is acknowledged that Plaintiff seeks to pursue claims under the LMRDA, the LMRA, the Minnesota Whistleblower Act, and common law as set forth above. U. S. Steel denies violating the LMRDA, the LMRA, the Minnesota Whistleblower Act, common law, or any other federal or state law.**

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is conferred by federal question pursuant to 29 U.S.C. § 1331, 1337 and 1343. This Court also has jurisdiction pursuant to 29 U.S.C. § 412 and supplemental jurisdiction. The violations all occurred, if at all, in this District.

**ANSWER: Paragraph 2 is a statement of jurisdiction to which no response is required. To the extent a response is deemed necessary, it is acknowledged that Plaintiff seeks to invoke jurisdiction pursuant to the statutes set forth above. U. S. Steel denies violating the LMRDA, the LMRA, the Minnesota Whistleblower Act, common law, or any other federal or state law.**

## PARTIES

3.      Plaintiff Dave Thomas is a citizen and a resident of the State of Minnesota and is employed by United States Steel at its Minntac facility in Mountain Iron Minnesota. He is a member of the United Steel Workers Union, Local 1938, District 11 and USW International.

**ANSWER: U. S. Steel admits that Plaintiff is a citizen and resident of Minnesota, that he is employed by U. S. Steel at its Mintac facility in Mountain Iron,**

Minnesota, and that he is a member of the USW and Local 1938.  The remaining allegations in the paragraph are denied.

4.    Defendant United States Steel Corporation (hereafter US Steel) is a corporation with its principal place of business in Pittsburgh Pennsylvania.  The company is engaged in interstate commerce.  It operates a facility at Mountain Iron, Minnesota.

**ANSWER:  The allegations in Paragraph 4 are admitted in part and denied in part.  It is admitted that U. S. Steel is a corporation with headquarters in Pittsburgh, Pennsylvania, engages in interstate commerce, and operates a facility in Mountain Iron, Minnesota.  The remaining allegations in the paragraph are denied.**

5.    United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International (hereafter called USW) is a labor organization organized and authorized to conduct its business in accordance with the laws of the United States of America, with its principal office in Washington, D.C.

**ANSWER:  The allegations in Paragraph 5 are directed against a co-defendant, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International.  Therefore, U. S. Steel is not required to respond.  To the extent a response is deemed necessary, U. S. Steel admits that the USW is a labor organization.  All other allegations in this paragraph are denied.**

6.    Defendant United Steel Workers of America Local 1938 (Local 1938) is a labor organization organized under the laws of the United States of America with its principal office in Virginia Minnesota.

3

**ANSWER**:  **The allegations in Paragraph 6 are directed against a co-defendant, the United Steelworkers of America Local 1938.  Therefore, U. S. Steel is not required to respond.  To the extent a response is deemed necessary, U. S. Steel admits the allegations based upon information and belief, but puts Plaintiff to the strict proof thereof.**

7.     Defendant Jon Malek (Malek) is the Vice-President of Local 1938.  He is an employee of Local 1938 and US Steel.  At all times relevant to this lawsuit he was acting within the course and scope of his employment.

**ANSWER**:  **The allegations in Paragraph 7 are directed against a co-defendant, Jon Malek (incorrectly referenced in Complaint as "John Malek"), Vice-President of Local 1938.  Therefore, U. S. Steel is not required to respond.  To the extent a response is deemed necessary, the allegations are admitted in part and denied in part.  U. S. Steel admits that Malek is the Vice-President of Local 1938 and is an employee of Local 1938 and U. S. Steel.  U. S. Steel denies that Malek was acting within the scope of his employment with U. S. Steel when acting as a union representative.**

## FACTUAL ALLEGATIONS

8     Plaintiff Thomas was employed as a crew leader at the Minntac facility between six and seven years.  Working in the crew leader position substantially increased his compensation.

**ANSWER**:   **Denied.**

4

9.      There is a contract between Defendant US Steel and Defendant USW ("labor agreement") which governs the selection and removal of crew leaders and the increased compensation for crew leaders.  The labor agreement also states that the employee has a right to a safe and healthful workplace giving the company and union the right to develop and implement policies to ensure these rights.

**ANSWER:  The allegations contained in Paragraph 9 are admitted in part and denied in part.  It is admitted that U. S. Steel and the USW negotiated a collective bargaining agreement or labor agreement (formally known as the Basic Labor Agreement or "BLA"), which, in part, governs the selection and removal of Crew Leaders and the compensation for Crew Leaders.  It is denied that Plaintiff held the position of Crew Leader under the BLA.  It is further admitted that the BLA provides that employees have the right to a safe and healthy workplace and that the Company will implement policies to ensure these rights.  It is denied that the Union implements policies set forth in the BLA.**

10.     There are numerous safety regulations that have been promulgated by the Mine Safety and Health Division of the Occupational Safety and Health Administration (OSHA). Plaintiff had training in these safety measures.

**ANSWER:  The allegations in Paragraph 10 are admitted in part and denied in part.  It is admitted that there are numerous safety regulations promulgated by the Mine Safety and Health Administration.  It is denied that the Occupational Safety and Health Administration has regulatory control over the mine where Plaintiff works.  Based on Plaintiff's failure to identify the safety training that he**

5

purportedly received," Defendant lacks sufficient information to admit or deny the remaining allegation.

11.   As part of said training Thomas was showed a film on several occasions that depicted what happened when a piece of metal got inside the Crusher.  The film showed the resulting explosion and decapitation of a worker.

**ANSWER**:  **Denied.**

12.   The safety requirement regarding missing pieces of metal in this matter is a simple one.  If there is a report of missing metal you do not load the truck until there is an investigation and only when there is a determination that nothing is missing can the truck get loaded and the material on the truck get taken to the Crusher.

**ANSWER**:  **Denied.**

13.   On or about April 4, 2009 there was a report of missing metal made by a truck driver on the Plaintiff's crew.  The report was made to the plaintiff.

**ANSWER**:  **Denied.**

14.   After hearing the report, Plaintiff Thomas radioed the worker and told him not to load his truck until the report of missing metal could be investigated and it was determined that it was safe to load the truck.  When he arrived at the truck he learned that the safety requirement had been violated and the truck had been loaded.

**ANSWER**:  **Denied.**

15.   Plaintiff Thomas reported the safety violation to the Foreman, Scott McDermott, US Steel Shift Manager as well as the fact that the exchange between the Plaintiff and the truck driver got a little heated.

**ANSWER:  Denied.**

16.     On April 6, 2009 when the plaintiff came to work he was told that there was going to be a meeting upstairs.  Prior to the meeting, the union grievance man had the Plaintiff and driver shake hands and told Thomas that he had set it up for no time off or discipline because he felt that the matter was over with.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 16 are denied.**

17.     In addition to Thomas the following individuals were at the meeting: Roy Varani, the truck driver; Dan Sixberry, another worker on the crew; John Malek, Vice President of Local 1938; Jake Schmelzer, the Grievance man; Jason Croteau, a foreman at the company; Mike Sterk, the US Steel Area Manager; Joe Mattson from labor relations and another company representative, a female, whose name plaintiff did not know.

**ANSWER:   The allegations in Paragraph 17 are admitted in part and denied in part.  It is denied that Joe Mattson was at the meeting referenced by Plaintiff. The remaining allegations are admitted.**

18.     At the meeting there was discussion of the heated exchange between Plaintiff Thomas and Roy Varani, the worker on his crew.  There was also discussion about the safety violation that Plaintiff Thomas had reported.

**ANSWER:   Denied**.

19.     After hearing the evidence at the meeting, Joe Mattson, the company representative from labor relations, indicated that the company was satisfied and that the parties understood what had happened should not happen again.

**ANSWER**:   **Denied.**

20.     After the US Steel representative made these comments, John Malek, Vice President of Local 1938, made a false and defamatory statement regarding Mr. Thomas. He stated that a he had "20 complaints on Dave Thomas."

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 20 are denied.**

21.     Plaintiff had never received any notice that a single complaint had ever been made against him.  Such notice is required by the labor agreement.

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 21 are denied.**

22.     At the end of the meeting John Malek further stated that "if he had his way Dave Thomas would be off the property immediately."

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 22 are denied.**

23.     He made both of the above statements in front of the meeting attendees.

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 23 are denied.**

24.     When Thomas asked Malek who had made complaints and what they had complained of Malek told him that "it was none of his business."

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 24 are denied.**

25.     At this time, Thomas had been in the lead position for between six and seven years.  During that time he had not been informed of any complaints.

**ANSWER**:   **Denied.**

26.     The labor agreement states that in the event that either Union or Company representatives have issues concerning the performance of a crew leader, the Grievance Committeeman and the division manager will meet with the crew leader to discuss the issues."   Such a meeting never happened, nor was Thomas ever presented with any written or oral list of performance issues.

**ANSWER**:   **The allegations contained in Paragraph 26 are admitted in part and denied in part.  It is admitted that the BLA states "in the event that either Union or Company representatives have issues concerning the performance of a Crew Leader, the Grievance Committeeman and the division manager will meet with the Crew Leader to discuss such issues."  The remaining allegations are denied**

to the extent they suggest that Plaintiff held the position of Crew Leader or had rights under the BLA concerning the Crew Leader position.

27.    Under the labor agreement, the company had to consult with the union before removing a crew leader for performance problems.  The agreement also provided that the company could not deny a request to remove the crew leader if 60% of the crew requested removal for reasons related to leadership or interpersonal skills.  There was no evidence that 60% of the crew had ever requested his removal for any reason.

**ANSWER**:   **The allegations in Paragraph 27 are admitted in part and denied in part.  It is admitted that the BLA requires the Company to consult with the department Grievance Committeeman before removing a Crew Leader for performance reasons.  It is further admitted that the BLA states the Company shall not deny a request, presented by the Grievance Committeeman, by at least sixty percent (60%) of the crew to remove a Crew Leader for reasons related to leadership or interpersonal skill.  The remaining allegations are denied to the extent they suggest that Plaintiff held the position of Crew Leader or had rights under the BLA concerning the Crew Leader position.**

28.    After the meeting on April 6, 2009, Plaintiff Thomas returned to his shift performing his job in the lead position which he remained on for the rest of the work week.

**ANSWER**:   **The allegations in Paragraph 28 are admitted in part and denied in part.  It is admitted that Plaintiff returned to his shift to perform his job on April**

**6, 2009.  It is denied that Plaintiff held the position of Crew Leader.  It is admitted that he performed his job assignment the rest of the work week.**

29.     However, at that time, the plaintiff was removed from his position as lead by Mike Sterk, the Area Manager for US Steel.

**ANSWER**:  **Denied.**

30.     Sterk told Thomas that they were taking him off as lead temporarily.  There was no explanation of why they were taking this action.

**ANSWER**:  **Denied.**

31.     After Thomas' removal crew members repeatedly told Thomas that they wanted him back as the crew leader.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 31 are denied to the extent they suggest Plaintiff held the position of Crew Leader.**

32.     In mid March of 2010, Defendant US Steel finally returned Thomas to the lead position.

**ANSWER**:  **The allegations in Paragraph 32 are admitted in part and denied in part.  It is admitted that U. S. Steel returned Plaintiff to his job assignment in mid March, 2010.  It is denied that Plaintiff was assigned to a Crew Leader position.**

33.     However after approximately three weeks, the company again removed him from the lead position with no explanation.

**ANSWER**:  **Denied.**

34.    Thomas was told that John Malek had learned that Plaintiff Thomas was back at the lead position, called Sterk and made it clear once again that he wanted Thomas removed as lead.

**ANSWER**:   **The allegations in Paragraph 34 are admitted in part and denied in part.  It is admitted that Malek called Sterk and made it clear that he wanted Plaintiff removed from his job assignment.  It is denied that Plaintiff was assigned to a Crew Leader position.**

35.    He filed a formal complaint under the Union By-Laws on or about April 13, 2010 with local 1938.  As part of this action, he complained about Malek's conduct.  He specifically complained that (1) Malek never offered him any advice at the April 6 Meeting, (2) Malek did not tell him how to answer questions at the April 6 Meeting, (3) Malek did not speak to him about what the outcome would be at the April 6 meeting, (4) that Malek made the defamatory statements concerning Thomas at the April 6th Meeting, (5) that Malek misrepresented him, (6) that Malek failed to perform his duty to represent Thomas as a member of the union and finally (7) he asked that Malek's gross misrepresentation should be punished per Article XIII of the Constitution of the USW. A local 1938 grievance man helped Thomas draft eh complaint.

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 35 are denied.**

36.    A union member at the Union hall the day the complaint was received, reported that President of the Local, Mike Woods said "What the f--- am I supposed to do

with this bull----" as he opened and read the Plaintiffs complaint out loud.  The Union member reported this to the Plaintiff.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 36 are denied.**

37.    Under the By-Laws for Local Unions, USW (hereafter "By-Laws"), a copy of the charge was to be mailed to the accused member and a committee was to be formed to investigate the complaint.  The Committee then conducts a trial.  Instead of setting up the committee and holding a trial as set forth in the By-Laws, Local 1938 ignored the complaint.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 37 are denied.**

38.    When the union meetings came and went with no discussion of the complaint, Thomas called District 11, the area office of USW, giving them the history of what had happened and the fact that the complaint was not getting a hearing.  They told him to call the Local.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent a response is deemed necessary, the allegations contained in Paragraph 38 are denied.**

39.    Thomas then went directly to the President of the Local, Dave Woods and told him the specifics of what had happened including the defamatory statements that

Defendant Malek had made at the meeting and how he had been demoted following the comments. The complaint continued to be ignored.

**ANSWER: U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is deemed necessary, the allegations contained in Paragraph 39 are denied.**

40. When Thomas continued to ask questions about the complaint he was informed that Defendant USW had been contacted and said the Local could ignore it.

**ANSWER: U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is deemed necessary, the allegations contained in Paragraph 40 are denied.**

41. In November of 2010, Defendants US Steel, Local 1938, and District 11 were once again informed of the history of the matter, including the defamatory comments by Defendant Malek and the subsequent improper removal from the crew leader position, and by written request they were asked to return Thomas to the lead position.

**ANSWER: U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is deemed necessary, the allegations contained in Paragraph 41 are denied.**

42. The request, as with the earlier complaint was ignored with no response.

**ANSWER: U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is deemed necessary, the allegations contained in Paragraph 42 are denied.**

43.     After all that had occurred and been said, Plaintiff Thomas felt that any further attempts to contest his removal would he futile.

**ANSWER: U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is deemed necessary, the allegations contained in Paragraph 43 are denied.**

### COUNT I  LMRDA VIOLATIONS

44.     Paragraphs 1 through 43 are hereby incorporated by reference.

**ANSWER: Paragraph 44 is a statement of incorporation to which no response is required. To the extent that a response is deemed necessary, the allegations are admitted and denied as set forth above.**

45.     Plaintiff Thomas engaged in his rights of free speech when he criticized Local 1938 Vice-President John Malek and asked that he be punished for gross misrepresentation.

**ANSWER: U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants. To the extent a response is deemed necessary, the allegations contained in Paragraph 45 are denied.**

46.     At about that time there was talk of at least two other candidates stepping forward to run against Defendant Malek for Vice-President of Local 1938. There has been no election held.

**ANSWER: U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants. To**

the extent a response is deemed necessary, the allegations contained in Paragraph 46 are denied.

47.     Plaintiff Thomas engaged in his rights of free speech when he spoke of a fellow union member violating the safety regulations by loading the truck when there was a report of missing metal.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 47 are denied.**

48.     Plaintiff Thomas was disciplined, (permanently removed from the higher paying lead position) in retaliation for his exercise of free speech by the Union after he engaged in the free speech.  Further Defendant Union has purposefully and deliberately attempted to suppress dissent by openly punishing the plaintiff for his criticism of the Local 1938 Union Vice President and his criticism of the fellow union member.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 48 are denied.**

49.     Plaintiff Thomas was never served with written specific charges by Defendant Local 1938 or Defendant US Steel.

**ANSWER:  The averments contained in Paragraph 49 are admitted in part and denied in part.  U. S. Steel is without knowledge or information sufficient to**

**form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 49 against the Union defendants are denied.  U. S. Steel admits that the Company never issued a written charge to Plaintiff to remove him from the Crew Leader position because Plaintiff never held the position of Crew Leader.**

50.    Plaintiff Thomas was never given a reasonable time to prepare a defense.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 50 are denied.**

51.    Plaintiff Thomas was never afforded a full and fair hearing.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 51 are denied.**

52.    These actions and conduct by the union were in violation of 29 U.S.C. §411(a)(5).

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 52 are denied.**

53.     Defendant Local 1938 disciplined Plaintiff in violation of his free speech rights.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 53 are denied.**

54.     As a direct and proximate result of such actions, Plaintiff has been and in the future will be deprived of income and benefits.

**ANSWER:  Denied.**

55.     In addition, as a direct and proximate result of such actions, Plaintiff has suffered and continues to suffer severe emotional distress arising out of the demotion, Defendants' refusal to hear any appeal from such action, and the consequences from the demotion.

**ANSWER:  Denied.**

56.     Defendants' said conduct was done maliciously, wantonly, and/or oppressively.  As a result, Plaintiff is entitled to an award of punitive damages.

**ANSWER:  Denied.**

**COUNT II  BREACH OF DUTY OF FAIR REPRESENTATION**

57.     Paragraphs 1 through 56 are hereby incorporated by reference.

**ANSWER:  Paragraph 57 is a statement of incorporation to which no response is required.  To the extent that a response is deemed necessary, the allegations are admitted and denied as set forth above.**

58.    Local 1938 is affiliated with USW and is a labor organization and the USW is the bargaining representative of the employees of US Steel.

**ANSWER**:   **Admitted.**

59.    The terms and condition of Plaintiff's employment were covered by the labor agreement between US Steel and the Union which provided requirements for appointing and removing the plaintiff from the position of crew leader.

**ANSWER**:   **The averments contained in Paragraph 59 are admitted in part and denied in part.   It is admitted that the terms and conditions of Plaintiff's employment were governed by the BLA.   It is denied that Plaintiff had rights under the BLA to the position of Crew Leader and it is further denied that Plaintiff held the position of Crew Leader.**

60.    Local 1938 had a duty to represent all of the company employees including the Plaintiff with respect to seeing that the Plaintiff not be removed from the crew leader position in violation of the labor agreements requirements.

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.   To the extent a response is deemed necessary, the allegations contained in Paragraph 60 are denied to the extent they suggest Plaintiff held the position of Crew Leader.**

61.    On or about April 11, 2010, Local 1938 through it's agent Defendant Malek requested that US Steel demote the Plaintiff and remove him from his crew leader position.  The Plaintiff was a highly skilled crew leader and Local 1938 had no proper or legitimate business justification for its interference with Plaintiff's advantageous

contractual and employment relationship with his employer.   Defendant Local 1938's actions in requesting a demotion was motivated by the desire to retaliate against Plaintiff for exercising his right of free speech and his right to complain concerning Local 1938's unwarranted interference with Company and union relationships.   Local 1938's request that Plaintiff be demoted was a major and determining factor causing Defendant US Steel to demote the Plaintiff.

**ANSWER**:   **Denied.**

62.     In violation of the labor agreement, Defendant US Steel did demote the Plaintiff without meeting the requirements to do so set out in the labor agreement.

**ANSWER**:   **Denied.**

63.     By refusing to hear his complaint against Defendant Malek, refusing to follow the labor agreement as to continuing his employment as a crew leader, refusing to respond to any of his verbal or written requests regarding the improper removal, Defendant Local 1938 made it clear that it would be futile to file a grievance regarding the removal.

**ANSWER**:   **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.   To the extent a response is deemed necessary, the allegations contained in Paragraph 63 are denied to the extent they suggest Plaintiff held the position of Crew Leader.**

64.     Defendant Local 1938 failed to adequately investigate, process and present and argue Plaintiff's improper removal in a grossly negligent manner.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 64 are denied to the extent they suggest Plaintiff held the position of Crew Leader.**

65.    As a proximate result of Local 1938's unjust interference with Plaintiff's contractual relationship, the company's wrongful demotion in breach of contract and the Union's unfair representation, Plaintiff has lost substantial income and other valuable job rights and will continue to suffer such losses.

**ANSWER:  Denied.**

66.    As a further proximate result of the wrongful demotion, unfair representation and interference with contract, Plaintiff has suffered mental anxiety, emotional distress, humiliation and irreparable harm to his reputation.

**ANSWER:  Denied.**

67.    As a further proximate result of the union's unfair representation, Plaintiff has been required to retain legal counsel and has and will incur substantial legal fees and litigation expenses to obtain reinstatement and damages from the company, for which fees and expenses the union is liable.

**ANSWER:  Denied.**

68.    That Plaintiff has exhausted all available avenues of relief which are warranted under the circumstances, and any other further attempts would be inadequate or futile.

**ANSWER:  Denied.**

## COUNT III  DEFAMATION

69.     Paragraphs 1 through 68 are hereby incorporated by reference.

**ANSWER**:  **Paragraph 69 is a statement of incorporation to which no response is required.  To the extent that a response is deemed necessary, the allegations are admitted and denied as set forth above.**

70.     The statements of Defendant Malek which were published were untrue and were defamatory either directly or by innuendo.  The context of the statements and the language used implied that 20 complaints had been made regarding the Plaintiff as a lead and that he had engaged in conduct sufficient to remove him from the lead position.  In addition that he "was verbally abusive to others for past five years" and that if Malek had his way "he (Thomas) would be removed from the property."

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 70 are denied.**

71.     Additional false and defamatory comments made at the meeting in April of 2009 by Jon Malek about Dave Thomas included the following:  "Five years of Thomas throwing his weight around and making threats."  "Thomas is an absolute prick.  I'm tired of his crap."

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations against the Union**

**defendants.   To the extent a response is deemed necessary, the allegations contained in Paragraph 71 are denied.**

72.    In the spring of 2010 after Thomas had been returned to the position of team leader, Malek called Mike Sterk to discuss Thomas's return to the team leader position.  During the phone conversation, he told Sterk, "You can't do that.  This is going to cause problems, it was a problem in the past, and I don't want to have to deal with these issues again and I don't think you do, either."   Malek claimed that that crew members were upset and had called him to complain about Thomas's return to the position.

**ANSWER:   U. S. Steel admits the first sentence of the allegations contained in paragraph 72 of the Second Amended Complaint.   U. S. Steel denies that Defendant Malek used the precise words attributed to him in paragraph 72 of the Second Amended Complaint and puts plaintiff to the strict proof thereof.  U.S. Steel further alleges that Malek informed Mike Sterk that he (Malek) had received complaints regarding the return of Plaintiff to the team leader position, but alleges the decision to remove those assigned duties from Plaintiff was made solely in its discretion and in accordance with the terms of the collective bargaining agreement.**

73.    Defendant Malek communicated these statements in willful indifference to the Plaintiff's rights.

**ANSWER:   U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.   To**

**the extent a response is deemed necessary, the allegations contained in Paragraph 73 are denied.**

74.     After the comments made by Malek in the phone conversation, Sterk removed Thomas from the team leader position for a second time.

**ANSWER:   U. S. Steel admits that the duties of team leader were removed from Plaintiff Thomas for a second time after a telephone conversation between Defendant Malek and Mike Sterk had occurred.**

75.     Defendant US Steel ratified these comments of Defendant Malek by appearing to accept them as true even though there was no evidence and removing the Plaintiff from his position based on the comments.

**ANSWER:   Denied.**

76.     Defendant Malek's publication of these false statements and false innuendo were and continue to be, a severe invasion into the interests of Plaintiff in his professional and community reputation and have and continue to diminish the esteem, respect, goodwill or confidence in which the Plaintiff is held.

**ANSWER:   U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.   To the extent a response is deemed necessary, the allegations contained in Paragraph 76 are denied.**

77.     As a direct and proximate result of Defendant Malek's actions and the actions of Defendant US Steel ratifying the false statements, Plaintiff has suffered and will continue to suffer damages to his reputation, mental anguish and distress.

**ANSWER**:   **Denied.**

78.      As a direct and proximate result of Defendant Malek's actions and the
actions of Defendant US Steel, Plaintiff has suffered and will continue to suffer economic
damages including lost income and benefits.

**ANSWER**:  **Denied.**

**COUNT IV  TORTIOUS INTERFERENCE WITH CONTRACT**

79.      Paragraphs 1 through 78 are hereby incorporated by reference.

**ANSWER**:  **Paragraph 79 is a statement of incorporation to which no
response is required.   To the extent that a response is deemed necessary, the
allegations are admitted and denied as set forth above.**

80.      Defendant Local 1938 and Defendant Jon Malek's decision to demote
Plaintiff was motivated by a desire to punish the Plaintiff for his exercising his free
speech rights.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to
form a belief as to the truth of these allegations against the Union defendants.   To
the extent a response is deemed necessary, the allegations contained in Paragraph 80
are denied.**

81.      Defendant Local 1938 refused to hear the complaint regarding Malek's
actions and Plaintiff's demotion was a result of those actions.

**ANSWER**:  **U. S. Steel is without knowledge or information sufficient to
form a belief as to the truth of these allegations against the Union defendants.   To**

**the extent a response is deemed necessary, the allegations contained in Paragraph 81**

**are denied**

82.    Defendant Local 1938 did not follow the requirements of the labor agreement prior to demoting the Plaintiff.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 82 are denied.**

83.    Defendant Jon Malek intentionally and improperly interfered with the performance of the labor agreement which required that specific conditions be met before Plaintiff could be removed as a crew leader.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To the extent a response is deemed necessary, the allegations contained in Paragraph 83 are denied, and it is further denied that Plaintiff held the position of Crew Leader.**

84.    Defendant Malek and Defendant Local 1938 intentionally and wrongfully interfered with the contractual rights that Plaintiff enjoyed under the Union contract between Defendant US Steel and Defendant USW.  As a direct and proximate result of such actions, Plaintiff has been and in the future will he deprived of income.

**ANSWER:  U. S. Steel is without knowledge or information sufficient to form a belief as to the truth of these allegations against the Union defendants.  To**

**the extent a response is deemed necessary, the allegations contained in Paragraph 84**

**are denied.**

85.     In addition as a direct and proximate result of such actions, Plaintiff has suffered and continues to suffer emotional distress arising out of his demotion from the crew leader position, Defendants' refusal to hear any appeal of such action, and the consequences of the demotion.

**ANSWER**:   **Denied.**

86.     Plaintiff's injuries were attended by circumstances of fraud, malice, and/or willful or wanton conduct.

**ANSWER**:   **Denied.**

**COUNT V  CONSPIRACY**

87.     Paragraphs 1 through 86 are hereby incorporated by reference.

**ANSWER**:  **Paragraph 87 is a statement of incorporation to which no response is required.  Further, this Answering Defendant denies that "Conspiracy" is a recognized cause of action under the law.  To the extent that a response is deemed necessary, the allegations are admitted and denied as set forth above.**

88.     By their actions described above, Defendant US Steel agreed to accomplish the unlawful purpose of ratifying the defamatory comments of Defendant Malek.

**ANSWER**:   **Denied.**

89.     Defendant Malek, Defendant Local 1938, and Defendant US Steel tortiously interfered with the rights of the Plaintiff as set forth in the labor agreement and

the Defendants conspired to demote the Plaintiff in retaliation for his exercise of free speech.

      **ANSWER**:  **Denied.**

90.    By their actions described above, Defendant Malek, Defendant Local 1938 and Defendant US Steel by and through common understanding have conspired with each other to commit the wrongs described in this Complaint.

      **ANSWER**:  **Denied.**

91.    By demoting the Plaintiff in violation of the terms in the labor agreement, Defendant Malek, Defendant Local 1938 and Defendant US Steel have all agreed and taken joint concerted actions to defame the Plaintiff and to interfere with his contractual rights and to deprive the Plaintiff of his rights of free speech.

      **ANSWER**:  **Denied.**

92.    Based on the facts alleged, there is a reasonable inference that an agreement existed between Defendant Malek, Defendant Local 1938, and Defendant US Steel to accomplish the unlawful actions described above.

      **ANSWER**:  **Denied.**

93.    Based on these actions of Defendant Malek, Defendant Local 1938, and Defendant US Steel, Plaintiff has lost wages and benefits in the past and will suffer loss of wages and benefits in the future.

      **ANSWER**:  **Denied.**

94.    Except as otherwise answered, admitted or qualified herein, this answering Defendant denies every allegation, matter and thing in the Second Amended Complaint.

WHEREFORE, plaintiffs [sic] prays that judgment be entered against Defendants as follows:

(a)     For compensatory damages in an amount in excess of $75,000 to be apportioned among the Defendants in accordance with the law;

(b)     For punitive damages;

(c)     For reinstatement into crew leader position with full benefits to his first date of demotion and for such compensatory damages as will make him whole;

(d)     For attorney fees, costs and disbursements, and pre and post judgment interest; and

(e)     For such other relief as the court deems just and equitable.

**ANSWER**:   **It is denied that Plaintiff is entitled to any relief whatsoever from the answering defendant, U. S. Steel.**

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, U. S. Steel states as follows:

1.     The complaint fails to state claims against U. S. Steel upon which relief can be granted.

2.     Plaintiff failed to comply with the administrative prerequisites to suit and failed to exhaust all administrative remedies.

3.     All or part of Plaintiff's claims are barred by the applicable statutes of limitations.

4.     All or part of Plaintiff's claims are completely preempted or barred by the National Labor Relations Act.

5.     All or part of Plaintiff's claims are completely preempted or barred by the Labor Management Relations Act.

6.     The Union did not breach its duty of fair representation to Plaintiff.

7.     U.S. Steel did not breach the Basic Labor Agreement.

8.     All or part of Plaintiff's claims are barred by the provisions of the Basic Labor Agreement between U. S. Steel and the United Steelworkers of America and binding arbitral decisions thereunder.

9.     Parties to a contract cannot, as a matter of law, be deemed to have interfered with such contract.

10.     To the extent that Plaintiff alleges that a contract other than the Basic Labor Agreement exists such purported contract fails for lack of consideration.

11.     Defendant U. S. Steel's actions were in all respects based upon legitimate, non-discriminatory reasons and job-related standards consistent with business necessity.

12.     Defendant U. S. Steel's actions were in all respects based on reasonable, business-related reasons made in accordance with the Basic Labor Agreement.

13.     Defendant U. S. Steel maintains and enforces policies prohibiting discrimination or retaliation in the workplace, and Plaintiff unreasonably failed to take advantage of the complaint procedures or preventative and corrective opportunities contained therein.

14.     Plaintiff's claims are barred by the Doctrines of Laches, Waiver and/or Estoppel.

15.     Plaintiff's claims are barred by the doctrine of Accord and Satisfaction.

30

16.    The injuries and damages alleged to have been sustained by Plaintiff were caused by individuals and entities over which answering Defendant had no control.

17.    Plaintiff's claim is barred by Award and Arbitration.

18.    Plaintiff has failed to mitigate his damages.

19.    Plaintiff is not entitled to the relief requested.

## RESERVATION OF DEFENSES

Defendant reserves the right to amend its Answer to assert additional affirmative defenses based upon any additional information obtained during pretrial discovery.

**WHEREFORE**, Defendant U. S. Steel respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded its costs and disbursements incurred herein, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and equitable.

Dated:  June 18, 2012                          Respectfully submitted,


                                               *s/Bruce J. Douglas*
                                               Bruce J. Douglas (23966)
                                               Ashlee M. Bekish (389918)
                                               Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                               Wells Fargo Center
                                               90 South Seventh Street, Suite 3800
                                               Minneapolis, MN  55402
                                               Telephone:  612-339-1818
                                               Facsimile:  612-339-0061
                                               Email:  bruce.douglas@ogletreedeakins.com
                                                       ashlee.bekish@ogletreedeakins.com

                                               AND

                                               Rodney M. Torbic (admitted *pro hac vice*)
                                               Pa. I.D. 66089
                                               United States Steel Corporation
                                               600 Grant Street, Room 1500
                                               Pittsburg, PA  15219
                                               Telephone:  412-433-2990
                                               Facsimile:  412-433-2811
                                               Email:  rmtorbic@uss.com

                                               Attorneys for Defendant
                                               United States Steel Corporation

12470836.2 (OGLETREE)